IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2020

## STATE OF TENNESSEE v. DANIEL T. GINTHER

**Appeal from the Circuit Court for Williamson County**
**No. I-CR077403     Michael W. Binkley, Judge**

_____

### No. M2019-00112-CCA-R3-CD

_____

The Defendant, Daniel L. Ginther, appeals as of right from the Williamson County Circuit Court's revocation of his probation and reinstatement of the remainder of his eight-year sentence for passing worthless checks in the amount of $1,000 or more but less than $10,000. On appeal, the Defendant asserts that the trial court abused its discretion by ordering the Defendant to serve the remainder of his sentence in confinement in spite of the Defendant's "serious medical issues." Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Matthew J. Crigger, Brentwood, Tennessee (on appeal); and Chelsea Brooke Curtis, Franklin, Tennessee (at trial), for the appellant, Daniel T. Ginther.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Kim R. Helper, District Attorney General; and Carlin Charles Hess, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 18, 2013, the Defendant pled guilty to four counts of passing checks with the knowledge of insufficient funds, a Class D felony. See Tenn. Code Ann. §§ 39-14-105, -121. In exchange for his plea, the Defendant received an eight-year sentence as a Range II, multiple offender on all counts, which were to be served concurrently and suspended to probation subject to paying restitution within six months.

A violation of probation affidavit was filed against the Defendant on February 6, 2015, for failure to pay restitution as ordered. On April 7, 2016, an amended violation of probation affidavit was filed, specifically alleging that the Defendant violated the conditions of his probation because he was convicted of multiple offenses on multiple dates in Virginia.

At the November 16, 2017 revocation hearing, the Defendant testified that he was living in Suffolk, Virginia when he was served with the violation of probation warrant. His probation had been transferred to Virginia after his 2013 guilty plea, and he was soon after diagnosed with non-Hodgkin's lymphoma. In addition, the Defendant married a woman within three months of meeting her after his move.

While in Virginia, the Defendant placed his wife's name on his truck title and soon after forged her name to have it removed. The Defendant forged her name to "get [his] truck back in [his] name because [he] was trying to get money to pay" the restitution he owed to the Tennessee victim from the 2013 charges. The Defendant was served with the Tennessee violation warrant on March 3, 2015, and had been in continuous custody since. The Defendant said that he had been "diagnosed with cancer" before he was incarcerated on March 3, 2015.

The Defendant testified that he was receiving cancer treatment while he was incarcerated in Virginia and that he "was also diagnosed with stomach cancer" while there. The Defendant also indicated that he had a kidney removed while in custody and that he had been prescribed further treatment for his cancer.

The Defendant's father lived in Suffolk, Virginia, and the Defendant said that he could reside with him if released. This was the same Virginia address that the Defendant had previously used for his probation. Additionally, the cancer center that the Defendant would use for treatment in Virginia indicated that it could provide transportation for the Defendant.

The Defendant testified that he had previously obtained a bachelor's degree. Subsequently, while incarcerated, the Defendant had completed two "computer classes," a "prep class," and a one-year re-entry program.

The Defendant's sentence for the Virginia offenses was a "three-year/seven-year split." The Defendant had served three years' incarceration and was sentenced to seven years of probation for those convictions. The Defendant had a probation officer in Virginia. He planned to return to Virginia and start medical treatment. The Defendant averred that his Virginia probation officer had approved a living arrangement with his

father and that he would be entitled to Medicare and Social Security Disability upon his release.

On cross-examination, the Defendant testified that he had been diagnosed with cancer in 2014, but his pre-sentence report from his 2015 Virginia charges did not mention cancer and reported that the Defendant was "in fair health." The Defendant confirmed that he was aware that he had six months to pay off his Tennessee restitution after his 2013 guilty plea.

Upon questioning about his charges in Virginia, the Defendant testified that he altered a motor vehicle title and forged his wife's name to get a title loan to pay his attorney in Tennessee for work on his violation of probation charge. Additionally, the Defendant took three televisions from the marital home to a pawn shop and received $200. The Defendant also took his wife's coin collection to a pawn shop. At the hearing, the Defendant claimed he needed this money "to get some Christmas gifts"; however, in his 2015 presentence report he stated that his wife "needed money to get back" from Pittsburgh and that was why he pawned the items. The Defendant pled guilty to the charges in Virginia because the prosecutor "gave [him] a deal" that he found acceptable. Upon being questioned about additional prior felony convictions, the Defendant admitted that he had ten grand larceny convictions, "possibly two" drug charges, and a felony conviction for forging a bank note.

When questioned by the trial court about his cancer, the Defendant testified that his cancer was not arrested and had continued to spread. The Defendant indicated that he was still in treatment, but he was unaware of the cancer level. The Defendant claimed that his stomach cancer had been successfully removed but that the cancer of his lymph nodes was still in active treatment. The Defendant was unable to provide information or a diagnosis dated later than October 2016. The trial court ordered the Defendant to obtain a recent diagnosis and treatment plan from his oncologist in order to make a ruling about the violation of probation.

On May 2, 2018, the trial court judge entered an order that both parties were in agreement that the trial court could receive medical records from Urology of Virginia and Bon Secours Medical Group before making a ruling. The trial court indicated that it had briefly reviewed those records and did not find the requested information. After waiting several more weeks, the Defendant still had failed to provide the requested information.

In an order dated January 10, 2019, the trial court reviewed the medical records that had been presented at the November 2017 probation revocation hearing. The trial found that the records contained "no evidence of disease reoccurrence as feared by [the Defendant]." The trial court also noted that there "was no other significant or relevant

information in the medical records as requested by the [trial] court." Accordingly, the trial court found that the proof did not establish that the Defendant's medical issues required further treatment or that his condition could not be adequately treated in the Department of Corrections. As a result, the trial court revoked his probation and ordered confinement in the Department of Corrections.

The Defendant timely filed a notice of appeal. The case is now before us for review.

## ANALYSIS

On appeal, the Defendant contends that because he has "serious medical issues" the trial court abused its discretion by ordering him to serve the remainder of his eight-year sentence in confinement. Specifically, the Defendant notes that he "was suffering from cancer," that "uncontroverted testimony was that he was set to begin chemotherapy in Virginia shortly after the [probation revocation] hearing date[,]" and that "continuing to incarcerate [the Defendant] in Tennessee could cause a harmful delay in his treatment." The State responds that the trial court properly exercised its discretion in revoking the Defendant's probation and ordering him to serve his sentence in confinement.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). If the trial court revokes the probation, it has the right to "extend the defendant's period of probation supervision for any period not in excess of two (2) years," "commence the execution of the judgment as originally entered," or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. §§ 40-35-308(c), -311(e). In a probation revocation hearing, the credibility of the witnesses is determined by the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Furthermore, the decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); Mitchell, 810 S.W.2d at 735. The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, "it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)); see also State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Such a finding "'reflects that the trial court's logic and reasoning was

improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The Defendant concedes that he violated the terms of his probation and that it was "properly revoked." Relative to the Defendant's medical issues, the Defendant was the only witness at the probation revocation hearing. The trial court requested additional medical information in order to inform its decision after hearing the Defendant's testimony about his medical issues. The Defendant twice failed to provide supplemental medical records or affidavits with a more recent diagnosis or treatment plan.

We conclude that the trial court was within its discretion to determine that the Defendant violated the conditions of his probation by a preponderance of the evidence and that he should serve his sentence in confinement. The Defendant's admission that he pled guilty to multiple crimes in Virginia and failed to pay the required restitution for the underlying Tennessee convictions supports the trial court's ruling. Thereafter, it was within the trial court's authority to order the Defendant to serve his sentence in confinement.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE